**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Classes*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KEDEDRA WATLER AND ROTANZA DAVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CHILDREN'S PLACE, INC.,<br><br>Defendant. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE SOLICITATION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiffs, Kededra Watler and Rotanza Davis ("Plaintiffs"), bring this action against Defendant, The Children's Place, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3. This case arises form Defendant´s transmission of multiple unauthorized text messages to cellular telephones during prohibited after-hours times and violations of the National Do Not Call Registry of Plaintiff and others, without regard to consumers´ consent or privacy rights, even after consumers opt out from Defendant's messages.

4. Defendant is a children's clothing retailer that provides apparel and accessories to consumers, based out of New Jersey.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regards to consumers' rights under the TCPA.

6. Through this action, Plaintiffs seek injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiffs also seek statutory damages on behalf of themselves and members of the classes, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiffs allege violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs allege a national class, which will result in at least one class member belonging

to a different state than that of Defendant. Plaintiffs seek up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 (b) because Plaintiff Kededra Watler resides within this district and (c) Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff Watler occurred within the Central District Of California and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiffs to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Central District Of California.

## <u>PARTIES</u>

9. Plaintiff Kededra Watler is a natural person who, at all times relevant to this action, was a resident of Los Angeles County, California.

10. Plaintiff Rotanza Davis is a natural person who, at all times relevant to this action, was a resident of Pulaski County, Arkansas.

11. Plaintiff Watler is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 3803 (the "3803 Number") that received Defendant's text message solicitations.

12. Plaintiff Davis is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 4676 (the "4676 Number") that received Defendant's text message solicitations.

13. Defendant is a Delaware corporation whose principal place of business is at 500 Plaza Drive, Secaucus, New Jersey 07094.

14. Defendant directs, markets, and provides its business activities throughout the United States, including the State of California.

15. Unless otherwise indicated, the use of Defendant 's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTUAL ALLEGATIONS

***Plaintiff Watler's Experience***

16. Beginning at least on May 16, 2025, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff Watler's cellular telephone number ending in 3803, including but not limited to those sent on at least: May 16, 2025 at 7:58 AM, May 20, 2025 at 7:57 AM, May 23, 2025, June 4, 2025, June 18, 2025 at 7:58 AM, June 24, 2025, June 25, 2025, and July 1, 2025 (as shown below):







17. On May 16, 2025 at 7:58 AM, May 20, 2025 at 7:57 AM, and June 18, 2025 at 7:58 AM, Defendant sent text messages to Plaintiff Watler's 3803 Number in direct violation of federal after-hours restrictions, which prohibit telemarketing communications before 8:00 AM and after 9:00 PM local time (as shown above).

18. The remarkably consistent timing of these after-hours violations—all occurring within minutes of 8:00 AM—suggests Defendant's systematic use of

automated software programmed to send messages at precisely 7:57-7:58 AM, demonstrating deliberate circumvention of TCPA time restrictions rather than inadvertent timing errors.

19. This pattern of after-hours violations demonstrates Defendant's willful and knowing disregard for consumer protection laws and its deliberate choice to ignore federal time restrictions over an extended period.

***Plaintiff Davis's Experience***

20. Beginning in July 2022, Defendant began bombarding Plaintiff Davis with telemarketing text messages to Plaintiff's cellular telephone number ending in 4676 (the "4676 Number"), from Defendant's 89700 number.

21. From July 7, 2022 through July 31, 2022, Defendant sent or caused to be sent multiple text messages to Plaintiff Davis's 4676 Number, including but not limited to: July 7, 2022 at 9:36 PM, July 9, 2022, July 9, 2022 at 9:38 PM, July 10, 2022, July 12, 2022 at 9:36 PM, July 14, 2022 at 9:38 PM, July 16, 2022 at 9:38 PM, July 19, 2022 at 9:36 PM, July 21, 2022 at 9:40 PM, July 22, 2022 at 9:37 PM, July 23, 2022 at 9:40 PM, July 24, 2022 at 9:40 PM, July 26, 2022 at 9:35 PM, July 28, 2022 at 9:35 PM, July 29, 2022 at 9:35 PM, July 31, 2022, and July 31, 2022 at 9:36 PM.


5:44 Rich Flex
64
89700
Y
The Children's Place
Coupon: Y06205GB7PXP4X
Save to phone: http://vbs.cm/XEBXAU

Recurring messages. Msg&data rates apply Reply HELP for help, STOP to cancel
Thursday, Jul 7, 2022 • 9:36 PM
The Children's Place:
Hi friend, the entire site is UP TO 70% OFF! Plus, extra 10% off w/ ship to store!

Tap here:
http://vbs.cm/CEm0hj

STOP2end
Saturday, Ju 2 • 12:01 PM
Text message


5:44 Rich Flex
64
89700
Saturday, Jul 9, 2022 • 12:01 PM
Because we ❤️ you! Here's $10 off at The Children's Place.

Coupon
http://vbs.cm/tEwY8h

Shop now
http://vbs.cm/5E5Y4k

STOP2quit
Saturday, Jul 9, 2022 • 9:38 PM
The Children's Place:
Stock up for school! Shop $4.99 & up ALL uniforms + 25% OFF ALL backpacks!

Tap here:
http://vbs.cm/HEPY6w

STOP2end
Text message


5:44 Rich Flex
89700
Sunday, Jul 10, 2022 • 1:02 PM
The Children's Place:
Download our mobile app to shop on the go + check out with Afterpay & more!
Tap here:
http://vbs.cm/GE4ZiI
STOP2end
Tuesday, Jul 12, 2022 • 9:36 PM
The Children's Place:
Your back-to-school checklist starting at $4.99! Stock up NOW on polos, pants & more!
Tap here:
http://vbs.cm/4E63K4
STOP2end
Text message


5:44 Rich Flex
89700
Thursday, Jul 14, 2022 • 9:38 PM
The Children's Place:
Shop $4.99 & up Polos for Back 2 School + up to 70% OFF sitewide!
Tap here:
http://vbs.cm/yEj4KP
STOP2end
Saturday, Jul 16, 2022 • 9:38 PM
The Children's Place:
Wow, ALL Jeans are $8.99 & up! Plus, buy now & pay later with Afterpay!
Tap here:
http://vbs.cm/DEncTg
STOP2end
1:27 PM
Text message


5:44
Rich Flex
89700
Tuesday, Jul 19, 2022 • 9:36 PM
The Children's Place:
BOO! $4.99 & up Halloween looks! Shop matching fam PJs + glow-in-the-dark tees!
Tap here:
http://vbs.cm/9EZdmQ
STOP2end
Thursday, Jul 21, 2022 • 9:40 PM
The Children's Place:
Stock up! Shop $4, $5, $6, $7, $8 deals + up to 70% off the entire site!
Tap here:
http://vbs.cm/ZEr7iK
STOP2end
Text message


5:43
Rich Flex
89700
Friday, Jul 22, 2022 • 9:37 PM
The Children's Place:
NEW! Fall's coziest family PJs now up to 40% OFF! Shop matching faves that ship for FREE!
Tap here:
http://vbs.cm/FE07ij
STOP2end
Saturday, Jul 23, 2022 • 9:40 PM
The Children's Place:
Fall collections are HERE! Shop up to 40% off NEW looks + buy now, pay later w/ Afterpay!
Tap here:
http://vbs.cm/2E98FH
STOP2end
Text message


5:43
Rich Flex
64
89700
Sunday, Jul 24, 2022 • 9:40 PM
The Children's Place:
Shop up to 40% off ALL shoes & up to 70% off sitewide. Plus, extra 10% off w/ ship to store!
Tap here:
http://vbs.cm/wEI9G5
STOP2end
Tuesday, Jul 26, 2022 • 9:35 PM
The Children's Place:
Cool for School: NEW BACKPACKS ARE IN! Shop 25% off fun prints, colors & lunchboxes too!
Tap here:
http://vbs.cm/2Et9Nm
STOP2end
Text message


5:43
Rich Flex
65
89700
Thursday, Jul 28, 2022 • 9:35 PM
The Children's Place:
NEW! Fall arrivals are up to 40% off! Shop family plaids, pumpkin tees & all-new styles!
Tap here:
http://vbs.cm/5EyiPQ
STOP2end
Friday, Jul 29, 2022 • 9:35 PM
The Children's Place:
The ENTIRE site is up to 70% off! Plus, 60-70% off ALL Clearance!
Tap here:
http://vbs.cm/pEaBta
STOP2end
Text message




22. After enduring this relentless bombardment of unwanted text messages throughout July 2022, Plaintiff Davis was forced to respond on August 2, 2022, to Defendant's 89700 number with the clear and unambiguous opt-out message "STOP" to cease all further text message communications with Defendant (as shown below):




23. Defendant immediately provided written confirmation of Plaintiff Davis's opt-out request, responding: "The Children's Place: You will no longer receive msgs unless you text us again. Let us know why you unsubscribed: http://vbs.cm/pElCaX Reply REJOIN to rejoin. (as shown above).

24. Despite Plaintiff Davis's unequivocal opt-out request and Defendant's own written confirmation that she would "no longer receive msgs," Defendant deliberately continued to bombard Plaintiff Davis with unwanted text message solicitations.

25. Specifically, beginning on July 24, 2025 through August 2, 2025, Defendant sent multiple text messages to Plaintiff Davis's 4676 Number, including but not limited to those sent on: July 24, 2025 (As shown above), July 25, 2025 at 9:33 PM, July 26, 2025 at 9:38 PM, July 28, 2025 at 9:54 PM, July 29, 2025 at 9:39 PM, July 30, 2025 at 9:37 PM, July 31, 2025 at 9:38 PM, August 1, 2025 at 9:33 PM, and August 2, 2025 at 9:39 PM (as shown below):












26. This extraordinarily aggressive and persistent pattern of violations—spanning nearly three years after written confirmation of opt-out—demonstrates Defendant's systematic failure to maintain functional internal do-not-call procedures and its deliberate choice to ignore consumer opt-out requests over an extended period.

27. Plaintiff Davis's experience demonstrates an even more egregious pattern of after-hours violations than Plaintiff Watler, with Defendant sending text messages

after 9:00 PM in violation of federal restrictions during both the 2022 bombardment period (including July 7, 2022 at 9:36 PM, July 9, 2022 at 9:38 PM, July 12, 2022 at 9:36 PM, July 14, 2022 at 9:38 PM, July 16, 2022 at 9:38 PM, July 19, 2022 at 9:36 PM, July 21, 2022 at 9:40 PM, July 22, 2022 at 9:37 PM, July 23, 2022 at 9:40 PM, July 24, 2022 at 9:40 PM, July 26, 2022 at 9:35 PM, July 28, 2022 at 9:35 PM, July 29, 2022 at 9:35 PM, and July 31, 2022 at 9:36 PM) and continuing the identical pattern during the 2025 violations (July 25, 2025 at 9:33 PM, July 26, 2025 at 9:38 PM, July 28, 2025 at 9:54 PM, July 29, 2025 at 9:39 PM, July 30, 2025 at 9:37 PM, July 31, 2025 at 9:38 PM, August 1, 2025 at 9:33 PM, and August 2, 2025 at 9:39 PM), demonstrating Defendant's systematic and deliberate disregard for federal time restrictions across multiple year.

28. The consistent timing patterns across both Plaintiffs—with Watler receiving messages within minutes of 8:00 AM and Davis receiving messages within minutes of 9:00 PM—reveals either Defendant's deliberate use of automated software consciously programmed to violate TCPA time restrictions by sending messages as close as possible to the prohibited hours, or Defendant's complete ignorance of fundamental federal telecommunications laws.

29. Defendant has the capability of immediately complying with Plaintiffs' opt-out requests.

30. As demonstrated by the above facts, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations and systematically fails to maintain any functional internal do-not-call procedures.

31. Defendant's refusal to honor opt-out requests demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

32. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list.

33. Defendant failed to place Plaintiff Davis on an internal do-not-call list after opt-out instructions.

34. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

35. Defendant's refusal to honor opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

36. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiffs as reflected by the fact that Plaintiff Davis made a clear opt-out request with written confirmation, yet her request was ignored by Defendant and its employees and Defendant continued to send text messages nearly three years later.

37. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiffs and the Class members to opt-out of future communications are honored within a reasonable time.

38. Indeed, Plaintiff Davis' and the class members' opt-out requests were not honored within a reasonable time from when the opt-out request was made.

39. Defendant's text messages were transmitted to Plaintiffs' residential cellular telephones, and within the time frame relevant to this action.

40. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's children's clothing and accessories.

41. The information contained in the text messages advertise Defendant's various discounts and promotions, which Defendant sends to promote its business.

42. Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(1).

43. Upon information and belief, Defendant does not inform and train its personnel engaged in telemarketing in the existence and the use of any internal do not call list pursuant to 47 C.F.R. § 64.1200(d)(2).

44. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

45. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

46. At no point in time did either Plaintiff provide Defendant with their express written consent to be contacted.

47. Specifically, neither Plaintiff ever completed any type of form that clearly and conspicuously authorized Defendant to contact either Plaintiff's residential cellular telephone with marketing text messages.

48. Neither Plaintiff has an existing business relationship with Defendant.

49. To the extent that Defendant ever had any consent to contact Plaintiff Davis for marketing purposes, that consent was expressly revoked on August 2, 2022, when Plaintiff Davis sent the "Stop" message and received written confirmation that she would "no longer receive msgs."

50. Plaintiff Watler is the subscriber and sole user of the 3803 Number and is financially responsible for phone service to the 3803 Number.

51. Plaintiff Watler's 3803 Number is her residential number which she uses for personal purposes.

52. Plaintiff Watler registered her 3803 Number with the national do-not-call registry on September 27, 2007, and has been registered at all times relevant to this action.

53. Plaintiff Davis is the subscriber and sole user of the 4676 Number and is financially responsible for phone service to the 4676 Number.

54. Plaintiff Davis's 4676 Number is her residential number which she uses for personal purposes.

55. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

56. The text messages originated from telephone numbers owned and operated by Defendant or on behalf of Defendant.

57. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiffs and the Class members. Defendant also has access to text message logs showing Plaintiffs' and the Class members' inbound opt-out requests.

58. Defendant's unwanted telemarketing text messages caused Plaintiffs actual harm, including invasion of their privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiffs and caused disruption to their daily lives.

59. Defendant's unwanted telemarketing text messages caused Plaintiffs actual harm. Specifically, both Plaintiffs estimate that they have wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiffs had to stop what they were doing to either retrieve their phone and/or look down at the phone to review the message.

60. Next, both Plaintiffs wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted text messages. In

all, Defendant's violations of the TCPA caused Plaintiffs to waste at least fifteen minutes of their time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

61. Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and all others similarly situated.

62. Plaintiffs bring this case on behalf of the Classes defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **National Internal Do Not Call Class: From four years before the filing of the Complaint, all persons in the United States who (1) were sent more than one text message by or on behalf of Defendant within any 12-month period; (2) regarding Defendant's goods or services, to said person's cellular telephone number; and (3) while Defendant did not maintain the required procedures under 47 C.F.R. § 64.1200(d) for maintaining a list of persons who request not to receive such calls.**

> **After-Hours Violation Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf between**

**the hours of 9:00 PM and 8:00 AM in the recipient's local time zone, in violation of 47 C.F.R. § 64.1200(c)(1).**

63. Defendant and its employees or agents are excluded from the Classes. Plaintiffs do not know the number of members in the Classes but believe the Class members number in the several thousands, if not more.

**Numerosity**

64. Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent, during prohibited after hours times, and/or after they had requested to opt-out. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

65. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**Common Questions of Law and Fact**

66. There are numerous questions of law and fact common to the Classes which predominate over any questions affecting only individual members of the Classes. Among the questions of law and fact common to the Classes are:

a. Whether Defendant initiated telephone solicitations to Plaintiffs and the Class members;

b. Whether Defendant violated 47 C.F.R. § 64.1200(c) by sending text messages to numbers on the Do Not Call Registry;

c. Whether Defendant violated 47 C.F.R. § 64.1200(d);

d. Whether Defendant violated 47 C.F.R. § 64.1200(c)(1) by sending text messages during prohibited after-hours times;

e. Whether Defendant keeps records of text recipients who revoked consent to receive texts;

f. Whether Defendant's conduct was knowing and willful;

g. Whether Defendant is liable for damages, and the amount of such damages; and

h. Whether Defendant should be enjoined from such conduct in the future.

67. The common questions in this case are capable of having common answers. If Plaintiffs' claims that Defendant routinely transmits telephone solicitations and telemarketing messages to consumers after they had requested to be opted out, during prohibits after hours times, and/or while they were registered on the DNC Registry, Plaintiffs and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**<u>Typicality</u>**

68. Plaintiffs´ claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**<u>Protecting the Interests of the Class Members</u>**

69. Plaintiffs are representatives who will fully and adequately assert and protect the interests of the Classes and have retained competent counsel. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Classes.

**<u>Proceeding Via Class Action is Superior and Advisable</u>**

70. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's

wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

71. The prosecution of separate actions by members of the Classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.

## COUNT I
## Violation of the TCPA 47 U.S.C. § 227
## (On Behalf of the Plaintiff Watler and the Do Not Call Registry Class)

72. Plaintiff Watler repeats and re-alleges paragraphs 1 through 71 of this Complaint and incorporates them by reference herein.

73. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

74. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

75. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

76. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

77. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Watler and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

78. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Watler and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff Watler and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

79. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**

**<u>Violation of the 47 U.S.C. § 227(c)(2)</u>**

**(On Behalf of Plaintiff Davis and the National Internal Do Not Call Class)**

80. Plaintiff Davis re-alleges and incorporates paragraphs 1 through 71 as if fully set forth herein.

81. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

82. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . .
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

83. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

84. Plaintiff Davis and the Internal Do Not Call Class members made requests to Defendant not to receive telemarketing messages from Defendant.

85. Defendant failed to honor Plaintiff Davis' and the Internal Do Not Call Class members' requests.

86. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

87. Because Plaintiff Davis and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

88. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff Davis and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

89. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff Davis and the Internal Do Not Call Class members are entitled to an award of $1,500.00

in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

90. Plaintiff Davis and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

91. Plaintiff Davis and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**Violation of the 47 U.S.C. § 64.1200(c)(1)**
**(On Behalf of Plaintiffs and the After-Hours Violation Class)**

92. Plaintiffs re-allege and incorporates paragraphs 1 through 71 as if fully set forth herein.

93. 47 C.F.R. § 64.1200(c)(1) provides that "[n]o person or entity shall initiate any telephone solicitation to: (1) Any residential telephone subscriber before the hour of 8 a.m. or after 9 p.m. (local time at the called party's location)."

94. 47 C.F.R. § 64.1200(e) provides the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

95. Any person "who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

96. Defendant violated 47 C.F.R. § 64.1200(c)(1) by initiating, or causing to be initiated, telephone solicitations to Plaintiffs and the After-Hours Violation Class members during prohibited after-hours times, in the recipients' local time zones.

97. Defendant violated 47 U.S.C. § 227(c) because Plaintiffs and the After-Hours Violation Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(1), as described above. As a result of Defendant's conduct as alleged herein, Plaintiffs and the After-Hours Violation Class members suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200(c)(1).

98. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the After-Hours Violation Class.

**COUNT IV**

**<u>Knowing and/or Willful Violations of the TCPA</u>**

**(On Behalf of Plaintiffs and the Classes)**

99. Plaintiffs re-allege and incorporate paragraphs 1-71 as if fully set forth herein.

100. At all times relevant, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

101. Defendant knew that it did not have prior express consent to transmit telemarketing text messages and knew or should have known that its conduct was a violation of the TCPA.

102. Defendant knew or should have known that Plaintiff Watler's number was on the National Do Not Call Registry and that sending text messages to such numbers violated federal regulations.

103. Defendant knew or should have known that sending text messages during prohibited after-hours times (before 8:00 AM and after 9:00 PM) violated 47 C.F.R. § 64.1200(c)(1).

104. Defendant knew or should have known that continuing to send telemarketing text messages after receiving the request from Plaintiff Davis not to receive telemarketing messages, and after providing written confirmation that she would "no longer receive msgs," violated 47 C.F.R. § 64.1200(d) and related TCPA provisions requiring entities to maintain internal do-not-call procedures.

105. Because Defendant knew or should have known that Plaintiffs and Class Members had not given prior express consent to receive its telemarketing text messages and that that Plaintiff Watler's number was on the National Do Not Call Registry, that messages were being sent during prohibited after-hours times, and that an opt-out request was being ignored, the Court should treble the amount of statutory damages available to Plaintiffs and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA and § 227(c)(5) of the TCPA.

106. As a result of Defendant's violations, Plaintiffs and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) and 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

a. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiffs as the representative of the Classes and Plaintiffs´ counsel as Class Counsel;

b. A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

c. An injunction prohibiting Defendant from sending text messages during prohibited after-hours times in violation of 47 C.F.R. § 64.1200(c)(1).

d. An injunction requiring Defendant to implement and maintain proper internal do-not-call procedures in compliance with 47 C.F.R. § 64.1200(d);

e. An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, and to otherwise protect the interests of the Classes;

f. An award of actual and statutory damages for Plaintiffs and each member of the Classes;

g. Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiffs and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiffs demand that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 30, 2025

Respectfully submitted,

By: */s/ Scott Edelsberg*

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiffs and Proposed Classes*